IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03411-BNB

JOSEPH S. NEWLAND,

      Applicant,

v.

TOM CLEMENTS, Executive Director of C.D.O.C., and
JOHN SUTHERS, Attorney General of the State of Colorado,

      Respondents.

---

ORDER OF DISMISSAL

---

Applicant, Joseph S. Newland, is a prisoner in the custody of the Colorado
Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado.  Mr.
Newland has filed *pro se* an application for a writ of habeas corpus pursuant to 28
U.S.C. § 2254 (ECF No. 1) challenging the validity of his conviction in El Paso County
District Court case number 06CR1662.  On January 19, 2012, Magistrate Judge Craig
B. Shaffer ordered Respondents to file a Pre-Answer Response limited to addressing
the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of
state remedies if Respondents intend to raise either or both of those defenses in this
action.  On January 23, 2012, Respondents filed a Pre-Answer Response (ECF No. 9)
in which they argue that Mr. Newland's claim in this action is not exhausted.  On
January 31, 2012, Mr. Newland filed a reply to the Pre-Answer Response (ECF No. 11).

The Court must construe the application liberally because Mr. Newland is not
represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action for failure to exhaust state remedies.

Mr. Newland was convicted by a jury on one count of first degree felony murder, and he was sentenced to life in prison.  (*See* ECF No. 1 at 18.)  The judgment of conviction was affirmed on direct appeal.  *See People v. Newland*, No. 07CA1986 (Colo. App. Nov. 10, 2010) (ECF No. 9-3) (unpublished).  On March 21, 2011, the Colorado Supreme Court denied Mr. Newland's petition for writ of certiorari on direct appeal.  (*See* ECF No. 9-4.)

Following his direct appeal, Mr. Newland filed two postconviction motions in the trial court seeking habeas corpus relief.  (*See* ECF No. 1 at 11.)  On November 16, 2011, the trial court denied the habeas corpus motions as insufficient on their face.  (*See id.*)  Mr. Newland alleges in the application that he did not appeal from the denial of the habeas corpus motions.  (*See id.* at 6.)

On December 30, 2011, Mr. Newland filed the instant action.  He asserts one claim for relief in the application contending that his federal constitutional rights have been violated because the trial court lacked subject matter jurisdiction over his criminal case.

Respondents concede that the instant action is timely.  However, Respondents contend that this action must be dismissed because Mr. Newland has not exhausted state remedies for his claim challenging the trial court's jurisdiction.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies

or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

In his reply to Respondents' Pre-Answer Response, Mr. Newland does not argue that he has fairly presented his claim to the Colorado appellate courts. Instead, he

argues that the exhaustion requirement is not jurisdictional and may be waived by Respondents.  The Court agrees that the exhaustion requirement is not jurisdictional and may be waived.  *See Demarest v. Price*, 130 F.3d 922, 933-34 (10th Cir. 1997).  However, it is clear that Respondents have not waived the exhaustion requirement in this action because they specifically raise that affirmative defense in their Pre-Answer Response.

The Court agrees with Respondents that Mr. Newland has failed to exhaust state remedies because he has not presented his claim challenging the trial court's jurisdiction fairly to the Colorado appellate courts.  Therefore, the action will be dismissed without prejudice for failure to exhaust state remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust state remedies.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this __23rd__ day of ____February____, 2012.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

5